UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROBERT C. MULLINS, 95-A-6634, | **DECISION** |
| Petitioner, | **and** |
| | **ORDER** |
| v. | |
| | **00-CV-0136F** |
| FRED G. BENNETT, Superintendent | (**consent**) |
| Respondent. | |

---

APPEARANCES:    JOSEPH B. MISTRETT
                Federal Public Defender
                Attorney for Petitioner
                JAY S. OVSIOVITCH
                Assistant Federal Defender, of Counsel
                30 West Broad Street, Suite 106
                Rochester, New York   14614

                HOWARD R. RELIN
                District Attorney, Monroe County
                Attorney for Respondent
                LORETTA S. COURTNEY
                Assistant District Attorney, of Counsel
                Ebenezer Watts Building, Suite 832
                Rochester, New York   14614

## JURISDICTION

Petitioner initiated this action on February 8, 2000, requesting relief under 28 U.S.C. § 2254. (Doc. No.1). The parties have consented to proceed pursuant to 28 U.S.C. § 636(c). (Doc. No. 10). Presently before the court is Respondent's motion to dismiss Petitioner's ineffective assistance of appellate counsel claim as it relates to

allegations of ineffectiveness of appellate counsel for failure to raise a *Batson*[1] claim on appeal. (Doc. No.13). For the reasons stated below, Respondent's motion is hereby DENIED. Also before the court is the parties' dispute as to whom should bear the costs of a transcript of the *voir dire* proceedings at Petitioner's trial. Based on the analysis which follows, the court finds Respondent is responsible for such cost.

## BACKGROUND AND FACTS

Petitioner ("Mullins") was convicted after jury trial in New York State Supreme Court, Monroe County, of two counts of First Degree Assault and two counts of Second Degree Criminal Possession of a Weapon. The conviction was based on Mullins's alleged involvement in the shootings of Everton Brown and Bobby Lee, on July 19, 1993 and January 1, 1994, respectively. On August 25, 1995, Mullins received two consecutive 12 year terms of imprisonment. His conviction was affirmed by the Appellate Division, Fourth Judicial Department on February 4, 1998. *People v. Mullins*, 668 N.Y.S.2d 799 (App. Div. 4th Dep't. 1998). Request for leave to appeal to the Court of Appeals was denied on September 23, 1998. *People v. Mullins,* 703 N.E.2d 281 (N.Y. 1998). Petitioner also filed a petition with the Appellate Division for a writ of error *coram nobis*, which was denied on November 12, 1999. *People v. Mullins*, 701 N.Y.S.2d 764 (App. Div. 4th Dep't. 1999). Leave to appeal to the Court of Appeals on this petition was denied on January 12, 2000. *People v. Mullins,* 726 N.E.2d 492 (N.Y. 2000). The

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986) (racially-based peremptory challenges violate equal protection clause).

Petition[2] asserts three grounds: (1) that the trial court abused its discretion in denying Mullins's motion for severance; (2) that the evidence was insufficient to support the verdict; and (3) that Mullins received ineffective assistance of appellate counsel. (Doc. No.1, ¶ 12).

In support of his first claim, Mullins contends that the "trial court abused its discretion by denying defendant [*sic*] motion for a severance [without opinion] on counts #1 and #3...". (Doc. No.1, ¶ 12A). In support of the second claim, Mullins states that "the eivdence [*sic*] presented during defendants [*sic*] trial was infact [*sic*] insufficient to warrant the convictions ... this violated my due process and equal protection rights.". (Doc. No.1, ¶ 12B). In support of the third claim, Mullins asserts that "appellate counsel prepared a flimsy, trivial and grossly inadequate brief which was completely devoid of any federal case law or constitutional violations. Since the brief was not framed in a federal constitutional dimension, it greatly undermines any persuasiveness of the issues being raised therein in the federal courts. Denying [*sic*] my due process rights." (Doc. No.1, ¶ 12C).

On April 11, 2000, the Petition was ruled timely and Respondent was ordered to answer within 30 days. (Doc. No. 5). Respondent filed his Answer to the Petition on April 28, 2000. (Doc. No.7). Mullins filed a memorandum of law in support of the Petition on July 12, 2000. (Doc. No.11). On March 20, 2003, this court appointed the Federal Defender of this district as counsel to Mullins in this matter. (Doc. No.12).

---

[2] While the Docket in this case reflects a filing date of February 8th, the postmark on the envelope containing the petition reflects a correctional facility postmark of February 3rd. A *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Cases; *see also Houston v. Lack*, 487 U.S. 266, 271 (1998); *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994).

On April 21, 2003, a status conference before the undersigned was conducted. During that conference, Respondent made a motion to dismiss Petitioner's ineffective assistance of counsel argument on the *Batson* issue. (Doc. No.13).  On May 5, 2003 Respondent filed an affidavit in support of his motion (Respondent's affidavit in support"), along with a memorandum of law ("Respondent's Memorandum of Law"). (Doc. No.14).  Mullins filed opposition papers on May 19, 2003 (Doc. Nos. 16 & 17) and Respondent filed a reply on June 5, 2003. (Doc. No. 18).

## **DISCUSSION**

At the outset, the court notes that the Petition does not directly assert that a *Batson* violation occurred as a result of jury selection in his case.  Instead, in his ineffective assistance of counsel claim, Mullins argues that a primary reason appellate counsel was ineffective was his failure to raise the *Batson* claim on direct appeal. (Doc. No 1 at pp. 3 & 6).  Thus, the *Batson* issue is only relevant to Mullins's ineffective appellate counsel claim.  Respondent's motion is therefore directed only to that portion of Mullins's ineffective assistance of counsel claim as predicated on a *Batson* violation that appellate counsel unreasonably failed to raise on direct appeal of Mullins's underlying conviction.

When ruling on a motion to dismiss, the court accepts the material facts alleged in the petition as true and draws all reasonable inferences in favor of the petitioner and against the respondent.  See *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *Cohen v. Koenig*, 25 F.3d 1168, 1171-72 (2d Cir. 1994); *Atlantic Mutual Ins. Co. v.*

*Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).  On a motion to dismiss the court's function is "not to weigh the evidence . . . but merely to determine whether the [petition] itself is legally sufficient."  *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

As "*[p]ro se* [petitioners] are often unfamiliar with the formalities of pleading requirements," courts must "apply a more flexible standard in determining the sufficiency of a *pro se* [petition] than they would in reviewing a pleading submitted by counsel," *Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir. 1991) (per curiam), and "should give the *pro se* litigant special latitude in responding to a motion to dismiss," *Gaston v. Gavin*, 1998 WL 7217, at *1 (S.D.N.Y. Jan. 8, 1998)(bracketed material added), *aff'd*, 172 F.3d 37 (2d Cir. 1998).

**I.    Timeliness and Motion to Amend**

Respondent argues that as the *Batson* issue was not asserted in the original Petition, but was first raised in a 'second petition' filed several months later, it was therefore untimely under 28 U.S.C. § 2244(d)(1) (imposing a one-year statute of limitations on habeas corpus petitions). (Doc. No. 14, Respondent's Affidavit in Support of Motion to Dismiss *Batson* Claim, ¶¶ 4 & 5).  The document, "Memorandum by Robert C. Mullins in support of petition", which Respondent references in support of his argument was filed on July 12, 2000 (Doc. No.11).  However, Respondent mischaracterizes this document and provides no rationale for treating it as a second or amended petition.  The court rejects Respondent's characterization and considers this

document as it was designated in the Docket; *i.e.*, a memorandum in further support of the original petition. At best, because it was filed after the Answer, an alternative might be to consider the filing as a reply to the Answer. In any event, the court finds the document does not constitute an amended or second petition.

Respondent further asserts that the Petition raised only severance and insufficiency of evidence claims. (Doc. No.14, ¶4). However, as noted, the Petition raised three claims, including ineffective assistance of appellate counsel. Petition ¶ 12. Therefore, there is no basis to reconsider the Petition's timeliness. Likewise, for the reasons discussed, the court will not address Respondent's argument that Petitioner failed to properly move to amend the Petition. (Doc. No.14, ¶4).

## II. Was the Claim Raised in a Manner Sufficient to Provide Fair Notice to Respondent of Petitioner's Claims

Respondent contends that Mullins failed to raise the *Batson* issue in his Petition. (Respondent's Memorandum of Law at pp. 6 - 9) (Doc. No. 14). Specifically, Respondent argues that there was no ineffective assistance of appellate counsel claim stated in the original Petition. Respondent's contentions are without merit. Specifically, ¶12C of the Petition states "Ineffective Assistance of Appellate Counsel" as "Ground three" of the Petition. (Doc. No.1 at 6). Further, ¶11(a) of the Petition indicates that Mullins filed a writ of error *coram nobis* with the Appellate Division claiming "(1) Ineffective assistance of appellate counsel" and "(2) Batson v. Kentucky, 476 U.S. 79,

[*sic*]" (Doc. No. 1, p. 3).  Respondent makes no reference to ¶12C of the Petition, rather Respondent only references ¶11(a). [3]

Nevertheless, it is well settled that the pleadings of a *pro se* litigant should be given a generous reading.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints must be afforded a liberal reading); *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest'" *(quoting, Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

On page 3 of the Petition, Mullins indicated that among the issues raised in his petition for a writ of error *coram nobis* was "ineffective assistance of appellate counsel" and "*Batson v. Kentucky*, 476 U.S. 79." (Doc. No.1, ¶ 11).  On page 6 of the Petition, Mullins also states that the third ground in support of the Petition is "ineffective assistance of appellate counsel" alleging that, "[a]ppellate counsel prepared a flimsy, trivial and grossly inadequate brief which was completely devoid of any federal case law or constitutional violations.  Since the brief was not framed in a federal constitutional dimension, it greatly undermines any persuasiveness of the issues being raised therein in federal courts.  Denying [*sic*] my due process rights." (Doc. No.1, ¶12C).  Later, on that same page, Petitioner left blank the question that asks if any of the grounds

---

[3] In Respondent's reply papers, counsel for Respondent asserts that the copy of the Petition she received did not contain a "Ground three" (the ineffective assistance of counsel claim) because of a possible missing page. (Doc. No.18 ¶¶4 & 5 ). In fact, the Answer indicates that "form paragraphs thirteen (13) through seventeen (17) of the Petitioner's moving papers [the Petition] are not included in the information sent to Respondent..." (Doc. No.7, ¶ 15) (bracketed material added).  Why Respondent would attempt to answer the Petition without a complete version is unexplained.

presented in the Petition had not previously been presented in the state courts. (Doc. No.1, ¶ 13).

Based on a fair and, as required, liberal reading of the Petition, the court finds that it sufficiently alleges Mullins received ineffective assistance of appellate counsel in that such counsel failed to raise the *Batson* constitutional claim on appeal. Further, by leaving ¶13 of the form petition blank, Mullins represented that such claim had been previously raised in state court. Mullins further indicated that his petition for a writ of error *coram nobis* alleged that appellate counsel had failed to allege a viable *Batson* violation.

Additionally, Respondent's Answer specifically acknowledges that Mullins raised the *Batson* claim in his petition for a writ of error *coram nobis*. (*See* Doc. No.7 at p. 3). Respondent had access to Mullins's *coram nobis* petition and attached such state court records as exhibits to his Answer. (Doc. No.7, Ex. J, K, L, M & N). Significantly, the *Batson* issue is the main subject of these state court filing. Specifically, in responding to ¶11 of Respondent's Answer, Mullins states that "appellate counsel was ineffective for failing to raise Petitioner's constitutional right to a fair and impartial jury selection. The prosecution's use of peremptory challenge in a partial mannor [*sic*] was discriminatory in this case. *See Batson v. Kentucky*. . ." (Doc. No.11 at p. 1). Given that Respondent's opposition to the *coram nobis* motion acknowledges the *Batson* claim as pleaded by Mullins (Ex. K), Respondent's attack on the Petition on this ground is without merit. Accordingly, the court finds the Petition sufficiently pleads an

ineffective assistance of appellate counsel claim, which had been exhausted, based on an asserted *Batson* violation with sufficient notice to Respondent.

Respondent's motion to dismiss Mullins's ineffective assistance of counsel claim, based on an alleged *Batson* violation is therefore DENIED. [4]


### III.    Voir Dire Transcript

By previous order, Respondent was directed to "state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted.  If any such proceeding was conducted, **respondent** shall file the transcript of the proceeding with its answer, together with any record(s) of such proceeding." (emphasis added). (Doc. No.5 at p. 2). Rule 5(c)of the Rules Governing Section 2254 Cases provides that a respondent's answer must "indicate what transcripts (of pre-trial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed." Rules Governing Section 2254 Cases, Rule 5(c). The Rule also states that "[T]he respondent must attach to the answer parts of the transcript that the respondent considers relevant," and that "[T]he judge <u>may</u> <u>order</u> that the respondent furnish other parts of existing transcripts or<u> that parts of untranscribed recordings be transcribed and furnished</u>." *Id.* (underlining added) In Respondent's answer, the *Batson* issue, as related to Mullins's ineffective assistance of appellate counsel claim, was not specifically addressed; hence, although relevant *coram nobis* papers were attached, a transcript of the *voir dire* at Mullins's trial was not.

---

[4] Based upon the foregoing, the court need not address Respondent's abuse of the writ and improper filing of an amended petition contentions.

The parties have previously acknowledged that, if the *Batson* issue remains as part of Mullins's ineffective assistance of counsel claim, a transcript of the *voir dire* minutes is required to properly consider the issue. Petitioner indicated that only a portion of the *voir dire* may be needed, and offered to cooperate with Respondent to identify relevant portions. However, Respondent has maintained that "[a] Batson argument can only be properly reviewed within the context of the entire *voir dire* proceedings." (May 27, 2003 letter to the court from counsel for Respondent at 3) (Doc. No. 20). The court has been informed by the parties that untranscribed *voir dire* minutes have now been located and partial transcription has commenced. As noted, the parties remain in disagreement as to whom should bear the cost of transcription and copying.

Based on the explicit authority provided by Rule 5(c), the court concludes that Respondent shall arrange, at Respondent's expense, for the transcription of the relevant *voir dire* stenographic recordings or notes, file a copy of such *voir dire* with the Clerk of the Court, and provide one additional copy to Petitioner **no later than 30 days from the date of the service** of this Decision and Order. Absent the parties' stipulation in writing and filed with the court agreeing to transcription of less than a full transcript of the *voir dire*, the *voir dire* shall be fully transcribed, and filed as directed.

Petitioner shall file a memorandum of law in support of all claims as asserted in the Petition <u>no later than 30 days after the voir dire transcript is filed</u>; Respondent's memorandum of law shall be filed <u>no later than 30 days thereafter</u>. Oral argument shall be at the court's discretion.

**CONCLUSION**

Based on the foregoing, Respondent's motion to dismiss the petition (Doc. Nos. 13 & 14) is DENIED.  Respondent shall provide at Respondent's expense, the *voir dire* minutes from Petitioner's trial as directed above.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 26, 2005
        Buffalo, New York